UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CV-01977** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **FIREARMS & FIREARM ACCESSORIES** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM RULING**

The present matter before the Court is the Government's Motion to Dismiss Claimant's Counterclaim Pursuant to Rule 12(b)(5) and (6) [ECF No. 18] as to the claim of Christopher A. Edwards. An objection to the Motion has been filed.

**I.**
**BACKGROUND**

On February 2, 2021, the Bureau of Alcohol, Tobacco and Firearms ("ATF") seized approximately six hundred and nineteen (619) firearms and firearm accessories based on two criminal search and seizure warrants. The ATF subsequently commenced an Administrative Forfeiture Proceeding, and several claims to the seized property were filed in the proceeding. The United States then commenced the present proceeding on July 9, 2021, by filing a Verified Complaint for Forfeiture In Rem[1] (The "Complaint"). On October 28, 2021, Christopher A. Edwards ("Edwards") filed a Verified Answer to the Complaint as well as a Counter Claim Against Forfeiture In Rem, Attorney Fees and Rule 11 Sanctions,[2] in which the Edwards claimed an ownership interest in two of the firearms at issue and also asserted certain counterclaims against the United States and the ATF. What Edwards refers to as "causes of action" appear to be

---

[1] ECF No. 1.
[2] ECF No. 9.

affirmative defenses because they do not support any right to affirmative relief. Specifically, the claim for release of the seized property, a request to set aside the administrative proceeding, and a request to dismiss the Complaint under Rule 12(b) are based on affirmative defenses and are not actual causes of action that would support affirmative relief. However, Edwards does assert a "[d]ue process violation under 42 U.S.C. 1983 for the civil deprivation of Plaintiff's right to due process resulting in the filing of this Counter-Claim."[3] It is this claim that the United States seeks to dismiss.

## II.
## LAW AND ANALYSIS

### A.    Insufficient Service of Process.

The Government first seeks to dismiss the counterclaim on the grounds of insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service. In his response to the Motion, Edwards indicates that the time limit for service under Rule 4(m) would not lapse until January 26, 2022, and that he had the opportunity to request waiver of service. A review of the record does not reflect that Edwards has attempted to effectuate proper service nor is there any evidence in the record of a waiver of service. As such, the Court finds that the counterclaim must be dismissed on the grounds of insufficient service of process.

### B.    Failure to State a Claim Upon Which Relief Can Be Granted.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[4] The

---

[3] *Id.*, at Section IV, paragraph 1.
[4] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007).

2

facts alleged, taken as true, must state a claim that is plausible on its face.[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."[7]

In the present case, Edwards appears to assert a cause of action under 42 U.S.C. § 1983 against the United States and the ATF. To prevail under Section 1983, Edwards must establish that the allegedly unconstitutional conduct at issue was committed by a person acting under color of state law, not federal law.[8] The ATF is a federal agency, and its agents act under color of federal law.[9] Further, the Unites States does not act under color of state law, nor can it be considered a "person" for purposes of Section 1983.[10]

Edwards argues that, while he "somewhat agrees" that his claims may not properly arise under Section 1983, the facts he alleges could state a claim under the Fourth and Fifth Amendments or, alternatively, a claim under *Bivens v. Six Unknown Named Agents*.[11] First, even if the Court were to construe Edwards' allegations as stating a claim under the Fourth and Fifth Amendments, the Fifth Circuit has expressly held that the United States and its agencies are immune from constitutional torts arising from a property seizure.[12] "It is axiomatic that the United States may

---

[5] *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009).
[7] *Id.* (quoting *Twombly*, 550 U.S. at 554-57).
[8] *Earle v. Shreves*, 990 F.3d 774 (4th Cir. 2021*); International Islamic Community of Masjid Baytulkhaliq, Inc.*, 981 F. Supp. 352 (D.V.I. 1997).
[9] *International Islamic Community of Masjid Baytulkhaliq, Inc. v. United States of America*, 981 F. Supp. 352, 364 (D.V.I. 1997).
[10] *Id.*
[11] 403 U.S. 388 (1971).
[12] *United States v. $4,480,466.16 in Funds Seized from Bank of America Account Ending in 2653*, 942 F.3d 655 (5th Cir. 11/5/2019).

not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[13] A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed," and any waiver "will be strictly construed, in terms of its scope, in favor of the sovereign."[14] Based upon these premises, the Fifth Circuit held that Congress has not waived the United States' sovereign immunity for damages alleged from constitutional torts arising out of a property seizure.[15]

Finally, as to Edwards' argument that his allegations could possibly give rise to claim under *Bivens*, the Fifth Circuit has consistently held that *Bivens* provides a cause of action against government officers in their individual capacities.[16] Here, Edwards has asserted claims only against the United States and the ATF, and not against any individual officers of the United States or the ATF. Based upon the foregoing, the Court finds that Edwards' counterclaim does not state any plausible grounds for relief and must therefore be dismissed.

For the reasons stated above, the Government's Motion to Dismiss Claimant's Counterclaim Pursuant to Rule 12(b)(5) and (6) [ECF No. 18] is GRANTED and the counterclaims asserted by Christopher A. Edwards are DISMISSED.

THUS DONE in Chambers on this 12th day of April, 2022.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[13] *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).
[14] *Doe v. United States*, 853 F.3d 792, 796 (5th Cir. 2017) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980)
[15] *United States v. $4,480,466.16 in Funds Seized from Bank of America Account Ending in 2653*, 942 F.3d 655, 665 (5th Cir. 11/5/2019).
[16] *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282 (5th Cir. 1999).