# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **United States of America** | **Civil Action No. 21-1977** |
| **VERSUS** | **Judge Summerhays** |
| **Approximately Six Hundred and Nineteen (619) Firearms and Firearm Accessories** | **Magistrate Judge Whitehurst** |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, are two motions: (1) Motion to Strike Claim for Lack of Standing Pursuant to a Judgment on the Pleadings in Accordance with Rule G(8)(c)(ii)(B) [Doc. 39] filed by the United States of America; and (2) Motion to Withdraw Petition for Intervention and Submission of Claim [Doc. 36], filed by claimant David Richard. The government's motion is opposed by Mr. Richard [Doc. 42], and the United States filed a reply brief [Doc. 45]. It appears that the government's motion is also a response to Mr. Richard's Motion to Withdraw Petition for Intervention and Submission of Claim. For the following reasons, it is RECOMMENDED that the government's Motion to Strike Claim for Lack of Standing Pursuant to a Judgment on the Pleadings in Accordance with Rule G(8)(c)(ii)(B) be GRANTED, and Mr. Richard's Motion to Withdraw Petition for Intervention and Submission of Claim [Doc. 36] be DENIED AS MOOT.

*Factual Background and Procedural History*

At issue is the purported claim of David Richard to approximately six hundred and nineteen firearms and firearm accessories – hereinafter sometimes referred to as the "Defendant Property" – by virtue of Mr. Richard's alleged ownership interest in the firearms and firearm accessories.

On February 2, 2021, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized the Defendant Property pursuant to two criminal search and seizure warrants. On April 6, 2021, the ATF initiated an Administrative Forfeiture Proceeding of the Defendant Property, wherein various claims to the seized property were made. On July 9, 2021, the United States commenced the instant matter, filing a "Verified Complaint for Forfeiture In Rem" due to an ongoing criminal investigation relating to the Defendant Property.

On August 18, 2021, the United States filed a Sealed Indictment in a related criminal matter -- *USA v. Deare*, Criminal No. 6:21-cr-00212 – which also contains criminal forfeiture allegations against the Defendant Property. This criminal indictment was unsealed by the Court on September 9, 2021. On September 28, 2021, a civil arrest warrant in rem was issued as to the Defendant Property [Doc. 3]. On September 29, 2021, the United States moved to unseal the Judicial Civil

Forfeiture Complaint In Rem, which was granted by this Court on October 1, 2021 [Doc. 4, Doc. 5]. In addition to direct notice being sent to potential claimants, a general notice of forfeiture was published on forfeiture.gov on October 4, 2021 and began running on October 6, 2021.

On November 5, 2021, claimant David Richard filed a "Petition for Intervention, Assertion of Claims & Causes of Action, Motion to Dismiss and Verified Answer to Complaint for Forfeiture In Rem" [Doc. 15] in the instant forfeiture proceeding. In his Petition for Intervention, Mr. Richard states his claim to the Defendant Property, alleging that he filed suit against Jeremiah Deare ("Deare") and Dave's Gunshop LLC on January 21, 2020, alleging failure to make payment on a promissory note in the amount of $1,000,000.00, in the suit captioned *David Richard v. Jeremiah Deare, et al.*, Docket No. 2020, pending in the 15th Judicial District Court for Lafayette Parish, Louisiana. That lawsuit arose from a transaction in July 2015, wherein Mr. Richard agreed to sell his business, Dave's Gunshop, LLC, to Deare for the purchase price of $1,000,000.00, which Mr. Richard alleges was secured by a promissory note executed by Deare. Deare failed to make payment on the promissory note.

Mr. Richard avers that, as part of the state court lawsuit, he obtained an injunction against Deare and Dave's Gunshop LLC by Consent Judgment that

requires the maintenance of the business and assets of Dave's Gunshop LLC and requires Deare to prevent the destruction or depletion of the business or its assets. Mr. Richard also argues that on November 2, 2021, he obtained a final Judgment in his favor and against Jeremiah Deare in the amount of $1,000,000.00. Mr. Richard points to the following language in the Judgment as conferring an interest in his favor against the Defendant Property:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all guns seized in connection with the ATF raid of DAVE'S GUNSHOP and JEREMIAH DEARE be delivered to DAVID RICHARD (or such designated agent possessing an FFL License) to be properly maintained during the pendency of litigation and until the foregoing Judgment is satisfied or as otherwise Ordered by this Court.[1]

After the filing of the "Petition for Intervention," on December 4, 2021, Mr. Richard filed a "corrective document" entitled "Request to Withdraw Petition for Intervention & Submission of Claim" [Doc. 36]. In that motion, Mr. Richard seeks to correct the procedural incorrectness of his first filing, stating that rather than intervening, he wishes to assert a "claim" to the Defendant Property in the instant forfeiture property. In response to that motion, the United States filed the instant motion, seeking to strike Mr. Richard's claim on grounds he lacks standing to assert a claim against the Defendant Property.

---

[1] *See* Judgment, Doc. 15, Exhibit 4.

*Legal Analysis*

Civil forfeiture actions are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). *See United States v. Pokerstars*, 2016 WL 4411421, at *3 (S.D.N.Y. Aug. 19, 2016), *aff'd sub nom. United States v. Cardroom Int'l, LLC*, 726 F. App'x 98 (2nd Cir. 2018), *citing* Fed. R. Civ. P. Supp. R. A(1)(B); Fed. R. Civ. P. Supp. R. G(1); *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526, n.3 (2nd Cir. 1999). Pursuant to the Supplemental Rules, the Government may move to strike a claim at any time before trial if the claimant lacks standing. Fed. R. Civ. P. Supp. R. G(8)(c)(i)(B). This challenge may be presented as a motion for judgment on the pleadings, Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B); the standard for granting such motion is the same as for a motion under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. 12(c); *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (quoting *Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529 (2d Cir. 2006)). Thus, to survive the Government's motion to strike, Mr. Richard must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Fifth Circuit has held that to show standing in the civil forfeiture context, a claimant must show both constitutional and "prudential" standing. *United States*

*v. M/Y Galactica Star*, 13 F.4th 448, 455 (5th Cir. 2021), *cert. denied sub nom. Enron Nigeria Power Holding, Ltd. v. United States*, 142 S. Ct. 1417 (2022), *citing United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1375 (5th Cir. 1986) ("A claimant ... must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and 'prudential considerations defining and limiting the role of the courts.'"). Thus, a claimant must have both constitutional standing under Article III of the United States Constitution, as well as "prudential standing," which has been explained by the Fifth Circuit as the ability to state a cause of action under the statute governing his or her claim. *M/Y Galactica Star*, 13 F.4th at 455. Here, the United States argues that Mr. Richard lacks constitutional standing to assert a claim in this matter because he does not sufficiently allege an interest in the Defendant Property. Ergo, the United States argues that Mr. Richard's claim should be stricken.

Mr. Richard claims an interest in the Defendant Property by virtue of the November 2021 Judgment he obtained against Jeremiah Deare, the owner and operator of Dave's Gunshop LLC, in the 15th Judicial District Court. In that Judgment, the court ordered that the 619 guns and accessories – representing the inventory of Dave's Gunshop -- be delivered to Mr. Richard to be properly maintained during the pendency of the state court litigation, litigation that was

initiated to recover on a promissory note. The record makes clear that the November 2, 2021 Judgment obtained by Mr. Richard is an *in personam* judgment against Mr. Deare. *In personam* judgments do not create an interest in property sufficient to confer standing on a claimant; "an interest 'in' property must be an interest in a *particular, specific asset*, as opposed to a general interest in an entire forfeited estate or account." *United States v. Pokerstars*, 2016 WL 4411421, at *4 (S.D.N.Y. Aug. 19, 2016), *aff'd sub nom. United States v. Cardroom Int'l, LLC*, 726 F. App'x 98 (2nd Cir. 2018), *citing United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997) (emphasis added); *see also* Fed. R. Civ. P. Supp. R. G(5)(a)(i) ("The claim must identify the specific property claimed."). "Without such an interest [in a specific asset], the claimant lacks standing to challenge the forfeiture." *Pokerstars*, 2016 WL 4411421, at *3, *citing United States v. All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d 191, 198 (D.D.C. 2011).

> As the court stated in *United States v. Pokerstars*:
>
> An *in personam* judgment does not create an interest in "specific property," and therefore does not establish a claimant's standing in an *in rem* forfeiture action. *Id.* at 199. Rather, the holder of an *in personam* judgment is a general unsecured creditor, and federal courts have repeatedly held that "an unsecured creditor has no standing to contest the forfeiture of seized property." *United States v. One 1965 Cessna 320C Twin Engine Airplane*, 715 F. Supp. 808, 812 (E.D. Ky. 1989); *see also United States v. 105,800 Shares of Common Stock of FirstRock Bancorp, Inc.*, 830 F. Supp. 1101, 1117 (N.D. Ill. 1993); *United States*

7

>   *v. 127 Shares of Stock in Paradigm Mfg., Inc.*, 758 F. Supp. 581, 583 (E.D. Cal. 1990) (collecting cases).

2016 WL 4411421, at *4. *See also United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C. Cir. 1995) (a general creditor can never have an interest in specific forfeited property, no matter what the relative size of his claim vis-a-vis the value of the defendant's post-forfeiture estate).[2] Thus, as an unsecured creditor with no judgment lien against any specific property, Mr. Richard lacks constitutional standing to assert a claim in this forfeiture proceeding.

To the extent Mr. Richard argues that the state court Judgment orders that the seized firearms seized be delivered to Mr. Richard or his designated FFL agent, the Court notes that this Judgment was issued on November 2, 2021 – after the Defendant Property was seized pursuant to two criminal seizure warrants issued on February 2, 2021 and a civil arrest warrant in rem issued on September 28, 2021. Jeremiah Deare does not have possession of the firearms or firearm accessories, as

---

[2] *See also United States v. Fuchs*, No. 3:02-CR-369-P, 2005 WL 440429, at *2 (N.D. Tex. Feb. 23, 2005) (acknowledging a split among the circuits on the issue of whether an unsecured creditor can demonstrate the requisite "legal interest in the debtor's property" to establish standing, but noting that even in jurisdictions that recognize general creditors as having an interest in specific property, in order to show that interest, the creditor must have already secured a judgment against the debtor and perfected a lien against a particular item. *Compare United States v. Campos,* 859 F.2d 1233, 1238-39 (6th Cir.1988) (general creditor may have standing) and *United States v. Reckmeyer,* 836 F.2d 200, 205 (4th Cir.1987) (same) *with United States v. Ribadeneira,* 105 F.3d 833, 834-37 (2d Cir.1997) (unsecured creditors have no legal interest) and *United States v. McCorkle,* 143 F.Supp.2d 1311, 1319 (M.D.Fla.2001) (same). Here, the claimant has not perfected a judgment lien against any specific item included in the forfeited property; thus, he remains a general creditor that does not hold a security interest in any of the forfeited property.

these items are in the custody of the United States of America, Bureau of Alcohol, Tobacco, Firearms and Explosives. As these items are held by the United States as part of the pending civil forfeiture proceeding, this Court has jurisdiction over the Defendant Property pursuant to 28 U.S.C. §§1345 and 1355, and the state court Judgment is ineffective as a challenge to the seizure and forfeiture of the items.

For the foregoing reasons, the Court concludes that Mr. Richard lacks constitutional standing to assert a claim in this matter. As an unsecured creditor seeking to use the Defendant Property to satisfy an *in personam* judgment against Jeremiah Deare, Mr. Richard lacks standing to contest this judicial forfeiture and his claim should be stricken based on a judgment on the pleadings pursuant to Rule G(8)(c)(ii)(B).

Considering the foregoing,

IT IS RECOMMENDED that the Motion to Strike Claim for Lack of Standing Pursuant to a Judgment on the Pleadings in Accordance with Rule G(8)(c)(ii)(B) [Doc. 39], filed by the United States of America, be GRANTED, and, to the extent that Mr. Richard has properly filed a claim, that claim to the forfeited property be STRICKEN.

IT IS FURTHER RECOMMENDED that the Motion to Withdraw Petition for Intervention and Submission of Claim [Doc. 36], filed by David Richard, be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service or within the time frame authorized by Fed. R. Civ P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 17th day of May, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE