**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:21-CV-01977** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **FIREARMS & FIREARM ACCESSORIES** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is United States' Motion to Strike the Claims of Dave's Gunshop, LLC. (Rec. Doc. 92). No oppositions were filed. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the United States' Motion be granted.

The United States commenced this forfeiture *in rem* proceeding in July 2021. (Rec. Doc. 1). Dave's Gunshop, LLC filed a verified answer through counsel in November 2021. (Rec. Doc. 14). In February 2022, the Court allowed Dave's Gunshop's counsel to withdraw and ordered the entity to retain counsel within thirty days. (Rec. Doc. 47). To date, Dave's Gunshop has not enrolled counsel or otherwise contacted the Court.

Corporate entities must be represented by licensed counsel in federal court. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). This rule applies equally to limited liability companies, such as Dave's Gunshop. See *Precision Builders, Inc. v. Olympic Grp., L.L.C.,* 642 F. App'x 395, 397 (5th Cir. 2016); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Before dismissing an entity's claims for failure to retain counsel, the district court must warn the entity about failing to retain counsel or issue an order for it to do so. *Memon*, 385 F.3d at 874.

This Court explicitly ordered Dave's Gunshop to retain counsel within thirty days of February 17, 2022. Dave's Gunshop failed to do so. Thus, its defenses/claims in these proceedings should be stricken. Accordingly, the Court recommends that the United States' Motion to Strike (Rec. Doc. 92) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of October, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE